FILED
United States Court of Appeals
Tenth Circuit

January 15, 2020

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

TA'SHAWN R. WILSON,

Petitioner - Appellant,

v.

SCOTT CROW, Interim Director,

Respondent - Appellee.

No. 19-6119
(D.C. No. 5:18-CV-00383-G)
(W.D. Okla.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.

Petitioner Ta'Shawn Wilson, a state prisoner represented by counsel, seeks a certificate of appealability to appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas petition as time-barred.

In 2008, Petitioner pled guilty to several drug-related crimes in two state-court cases, and his sentencing was deferred for five years subject to the terms and conditions of his probation. In 2010, his sentences were accelerated based on numerous probation violations, and the state court imposed various lengthy sentences of imprisonment on the

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

charges, including several life sentences. In 2011, the state court granted his application for judicial review and modified his sentences to include several concurrent forty-five-year sentences and no life sentence. Petitioner subsequently filed various state-court pleadings in an attempt to withdraw his guilty plea and/or invalidate the new sentences; all of these state-court filings were unsuccessful. In April 2018, Petitioner initiated this federal habeas proceeding.

In a thorough report and recommendation, the magistrate judge who reviewed this case concluded that, accounting for statutory tolling, Petitioner's one-year limitations period for filing his federal habeas petition expired on November 6, 2013. *See* 28 U.S.C. § 2244(d). The magistrate judge further concluded that Petitioner was not entitled to equitable tolling because he had not shown that he "ha[d] been pursuing his rights diligently." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (internal quotation marks omitted). Among other things, the magistrate judge noted that there were several periods of time in which Petitioner took no action to pursue his federal habeas claims, including a period of more than two-and-a-half years which elapsed between the state appellate court's denial of his third application for post-conviction relief in January 2015 and his filing of a fourth application for post-conviction relief in September 2017.

Petitioner filed an objection to the report and recommendation in which he did not dispute the magistrate judge's calculation of the limitations period but instead argued that it would be unreasonable and inequitable to allow a nonjurisdictional limitations period to

-2-

prevent him from pursuing his federal constitutional claims. The district court found this argument to be unpersuasive and thus adopted the magistrate judge's report and recommendation in its entirety and dismissed the habeas petition as untimely.

We conclude that reasonable jurists would not "find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). First, to the extent Petitioner now seeks to challenge the magistrate judge's calculation of the statutory limitations period, any such argument was waived by Petitioner's failure to raise this specific objection before the district court. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Second, Petitioner has not shown, nor do we find, any error in the magistrate judge's conclusion that Petitioner is not entitled to equitable tolling because he failed to make the requisite showing that he diligently pursued his rights. *See Yang*, 525 F.3d at 930. Finally, there is no merit to Petitioner's argument that the habeas statute of limitations is inapplicable whenever a habeas petitioner argues that the state court's decision was contrary to clearly established federal law or involved an unreasonable determination of the facts. As the magistrate judge and district court already explained, this argument, which would effectively eviscerate the statute of limitations, is "disingenuous at best" (Appellant's App. at 11 (internal quotation marks omitted)) and finds no support in the law. *See McQuiggin v. Perkins*, 569 U.S. 383, 394–95 (2013) (holding that habeas statute's "time limitations apply" in all but "a severely confined category[ of] cases in which new

evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner" (internal quotation marks and brackets omitted); *cf. Miller v. Marr*, 141 F.3d 976, 977–78 (10th Cir. 1998) (holding that one-year limitations period for habeas petitions survived Suspension Clause challenge where petitioner did not claim actual innocence or incompetence because, among other things, equitable tolling is available for inmates who diligently pursue federal constitutional claims).

We therefore **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge

-4-